Filed
D.C. Superior Court
05/26/2019 10:34PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

**LAWRENCE ROGERS**                          :
5414 Livingston Terrace #301                 :
Oxon Hill, MS 20735                          :
                                             :
       Plaintiff                    :
                                             :
    v.                               : Civil Action No. **2019 CA 003260 V**
                                             :
**WASHINGTON METROPOLITAN**                  :
**AREA TRANSIT AUTHORITY a/k/a**             :
**WMATA**                                    :
Serve: General Counsel, Patricia Y. Lee      :
600 Fifth Street, N.W.                        :
Washington, DC 20001                         :
                                             :
       Defendant                    :

# COMPLAINT

COMES NOW the Plaintiff, Lawrence Rogers, by his attorney, Charles F. Gormly Esquire, and sues the Defendant, Washington Metropolitan Area Transit Authority a/k/a WMATA (hereinafter referred to as Defendant "WMATA") and in support thereof states:

## JURISDICTION

1. Jurisdiction of the Court is founded on D.C. Code 11-921 and 13-423, 1981 Edition.

2. Plaintiff Lawrence Rogers is an adult resident of Oxon Hill, Maryland.

3. At all times pertinent hereto, Defendant WMATA had a principal place of business in the District of Columbia and is subject to service of process by this Court.

4. At all times pertinent hereto, Defendant WMATA was the owner of the Metrobus, a fixed-route bus service, operated by its employees, servants and/or agents, all of whom where acting within the scopes and course of their employment, agency and/or servantship with WMATA.

5.      Pursuant to D.C. Code Section 9-1107.01, et seq., Defendant WMATA was created when the United States Congress approved the Washington Metropolitan Area Transit Authority Compact ("WMATA Compact), which was signed by the District of Columbia, Maryland and Virginia.

6.      Under the terms of the WMATA Compact, Defendant WMATA is liable for its negligent acts and/or omissions and those of its employees, officers, directors, agents and servants, committed in the conduct of any proprietary function, "D.C. Code Sec. 9-1107.01(80).

7.      The provision of mass transportation is a proprietary function within the meaning of the WMATA Compact.

8.      The accident giving rise to this suit occurred in the District of Columbia.

## RELEVANT FACTS

9.      On or about May 18, 2016, at approximately 1:50 p.m., Plaintiff Lawrence Rogers was a passenger on Defendant WMATA's Metrobus #6302, Route #92 South to Congress Heights Station.

10.     At that time, the Metrobus was crowded with passengers, including the Plaintiff, who was standing in the aisle in the front of the bus, holding on to the grab bars.

11.     At that time, the Metrobus Operator, an employee, agent and servant of Defendant WMATA, stopped at a bus stop on the planned route, at Good Hope Road and 23rd Street, S.E., opened the bus doors and activated the wheelchair lift to allow use by a disabled passenger.

12.     Just as the Metrobus Operator activated the wheelchair lift and it began to rise, the wheelchair lift suddenly slammed back down and landed on Plaintiff's foot and ankle.

## COUNT I
### (Negligence, Personal Injury)

13.     Plaintiff Lawrence Rogers refers to and hereby incorporates by reference all of the allegations contained in paragraphs 1 through 12 of this Complaint.

14.    Plaintiff alleges that at all times mentioned herein, the wheelchair lift was owned, controlled, operated, managed, maintained, repaired, designed, evaluated, built, overseen, inspected and supervised by Defendant WMATA.

15.    Plaintiff further alleges that on May 18, 2016, and prior thereto, Defendant WMATA was responsible for maintaining and ensuring the safe use and proper operation and condition of the wheelchair lift installed on its Metrobus.

16.    At all times mentioned herein, Defendant WMATA, as a common carrier, owed a duty of reasonable care to the passengers, including the Plaintiff, Lawrence Rogers, including but not limited to operating the lift in a reasonable and safe manner.

17.    Defendant WMATA, through its agents, servants and employees, who, at all times were acting within the scope of their employment and agency, was negligent and careless in the operation of the wheelchair lift and breached its duty to its passengers by failing to take reasonable precautions to prevent injury to its passengers, by failing to properly and safely operate said wheelchair lift, by failing to timely and properly inspect the wheelchair lift prior to allowing access to its passengers, by failing to ensure that said wheelchair lift would not move, fall or lower unexpectedly, by failing to repair or correct any defects in the wheelchair lift, and by failing to post a sign or other form of notice that the wheelchair lift was unsafe and could pose a danger to Metrobus passengers.

18.    Defendant WMATA was further negligent and careless by failing to properly control and maintain its equipment, including but not limited to failing to follow its own operations, inspection and maintenance procedures and schedules, failing to comply with regulatory requirements and standards adopted by regulatory requirements, and failing to comply with accepted standards within the industry.

3

19.     At the time of Plaintiff's injury, and prior thereto, Defendant WMATA knew or should have known that the wheelchair lift was not working properly, was defective and unsafe and could pose a danger to its passengers.

20.     As a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff was caused to sustain serious, painful and permanent injuries in and to his body including but not limited to injuries to his foot, ankle and back, emotional distress, anxiety, loss of enjoyment of life, and other injuries, damages and losses, without any negligence or assumption of risk by the Plaintiff.

21.     As a further direct and proximate result of the Defendant's negligence as aforesaid Plaintiff was caused to undergo emergency medical care, multiple x-rays, physical therapy and other medical care and treatment and has incurred expenses for said treatment; Plaintiff was further unable to engage in his normal and usual activities, and may require medical care and treatment in the future.

22.     All such injuries suffered by Plaintiff Lawrence Rogers were caused solely by the negligence of Defendant WMATA, without any negligence by Plaintiff Lawrence Rogers.

## COUNT II
### (Negligent Hiring, Training and Supervision)

23.     Plaintiff Lawrence Rogers refers to and hereby incorporates by reference all of the allegations contained in paragraphs 1 through 22 of this Complaint.

24.     At all times pertinent hereto Defendant WMATA was negligent in hiring, training and supervising its employees, servants and/or agents, including the Metrobus Operator who operated the wheelchair lift or was otherwise responsible for maintaining the Metrobus on which Plaintiff was injured.

4

25.     At all times pertinent hereto, Defendant WMATA had a duty to properly train and supervise its employees, servants and/or agents, and knew or should have known that its employees, servants and/or agents were not properly trained and/or supervised in the safe and proper use and operation of the wheelchair lift.

26.     At all times pertinent hereto Defendant WMATA did not take proper care in its operations, including but not limited to properly training its employee, servants and agents in the operation of the wheelchair lift to prevent injuries to its passengers, timely inspecting the wheelchair lift, timely repairing any defects in the wheelchair lift, and posting a sign or other form of notice that the wheelchair lift remained in a dangerous and unsafe condition, and warning and otherwise notifying its passengers of the dangerous and unsafe condition.

WHEREFORE, Plaintiff, Lawrence Rogers, claims judgment against the Defendant, Washington Metropolitan Area Transit Authority a/k/a WMATA, in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00), plus interest and costs allowed by law.

Respectfully submitted,

_____/s/ Charles F. Gormly_____
Charles F. Gormly, Esquire #452120
10605 Concord Street, Suite 307
Kensington, MD 20895
202-265-7755 Phone
202-265-7756 Fax
cfgormly@earthlink.net
*Attorney for Plaintiff*

### JURY DEMAND

Plaintiff demands trial by a jury as to all issues involved herein.

_____/s/ Charles F. Gormly_____
Charles F. Gormly, Esquire