**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LAWRENCE ROGERS,
      Plaintiff,

    v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,
      Defendant.

Civil Action No. 19-1794 (CKK)

**MEMORANDUM OPINION**
(November 25, 2019)

Plaintiff Lawrence Rogers filed this suit against Defendant Washington Metropolitan Area Transit Authority ("WMATA") asserting claims of negligence and negligent hiring, training, and supervision. Pending before the Court is Defendant WMATA's Revised Motion for Partial Dismissal, ECF No. 9, seeking to dismiss Count Two of the Complaint on sovereign immunity grounds. Upon consideration of the relevant pleadings, briefing,[1] legal authorities, and the record as a whole, the Court **GRANTS** WMATA's Revised Motion for Partial Dismissal because Mr. Rogers has failed to file an opposition to this Motion and because sovereign immunity shields WMATA from his Count Two claim.[2]

---

[1] The Court's consideration has focused on the following:
- Complaint ("Compl."), ECF No. 2-1; and
- Memorandum of Points and Authorities in Support of Defendant Washington Metropolitan Area Transit Authority's Revised Motion for Partial Dismissal ("Def.'s Mot. to Dismiss"), ECF No. 9-1.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

[2] Because the Court grants WMATA's Revised Motion on Rule 12(b)(1) grounds and because Mr. Rogers conceded the Motion, the Court does not reach WMATA's Rule 12(b)(6) arguments.

## I. BACKGROUND

Mr. Rogers originally filed this action in the Superior Court for the District of Columbia on May 16, 2019. Compl. at 1. WMATA removed the case to this Court on June 19, 2019 pursuant to D.C. Code § 9-1107.10, which grants the district courts original jurisdiction over suits against WMATA and allows for removal of such suits in the manner provided by 28 U.S.C. § 1446. *See* Notice of Removal, ECF No. 1. Mr. Rogers has not objected to the removal of this action.

In his Complaint, Mr. Rogers alleges that he was a WMATA Metrobus passenger on or about May 18, 2016. Compl. ¶ 9. Mr. Rogers was standing in the aisle at the front of the bus and holding onto the grab bars. *Id.* ¶ 10. When the Metrobus stopped at a planned stop, the Metrobus Operator began to activate the wheelchair lift for use by a passenger with disabilities. *Id.* ¶ 11. At that point, the wheelchair lift "suddenly slammed back down and landed on" Mr. Roger's ankle and foot, injuring him. *Id.* ¶ 12. Based on these alleged events, Mr. Rogers has brought two claims against WMATA and requests $250,000, plus interest and costs, in damages. *Id.* at 5. Count I of his Complaint alleges negligence in the operation of the wheelchair lift. *Id.* ¶¶ 13–22. Count II alleges negligent hiring, training, and supervision by WMATA. *Id.* ¶¶ 23–26.

WMATA filed its Revised Motion for Partial Dismissal, which seeks dismissal of Count II on Rule 12(b)(1) and Rule 12(b)(6) grounds, on June 25, 2019.[3] *See* ECF No. 9. Mr. Rogers was to file his response by July 10, 2019. *See* June 24, 2019 Minute Order. As of the date of this Memorandum Opinion and accompanying Order, the Court has not received any response from Mr. Rogers.

---

[3] WMATA's original Motion for Partial Dismissal, ECF No. 4, cited D.C. Superior Court rules. This Court dismissed the Motion without prejudice to allow WMATA to file a revised Motion that referenced the Federal Rules of Civil Procedure. *See* June 24, 2019 Minute Order.

## II. LEGAL STANDARDS

### A. Local Civil Rule 7(b)

"Local Rule 7(b) is a 'docket-management tool that facilitates efficient and effective resolution of motions[.]'" *Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016) (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004)); *see Jackson v. Todman*, 516 F. App'x 3 (D.C. Cir. 2013) (per curiam) (affirming district court's dismissal of case because appellant failed to file opposition to motion to dismiss). It provides that if a party does not file a memorandum of opposing points and authorities within "14 days of the date of service or at such other time as the Court may direct," that "Court may treat the motion as conceded." LCvR 7(b).

### B. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a court's jurisdiction to hear the case. "Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court—plaintiff in the present action—bears the burden of establishing that the court has jurisdiction." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 169–70 (D.D.C. 2007), *aff'd*, No. 07-5328, 2008 WL 4068606 (D.C. Cir. Mar. 17, 2008). In determining whether the court has jurisdiction, "the court need not limit itself to the allegations of the complaint," and "may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction over the case." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002).

"At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). "The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions

that are cast as factual allegations." *Chandler*, 215 F. Supp. 2d at 168. And because a court has an affirmative obligation to determine whether it has subject-matter jurisdiction, "plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright*, 503 F. Supp. 2d at 170 (internal quotation marks omitted) (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001)).

### III. DISCUSSION

The Court grants WMATA's Revised Motion for Partial Dismissal on two grounds. First, Mr. Rogers failed to file any opposition to the Revised Motion or ask for any extension to file an opposition. Pursuant to the Court's Minute Order dated June 24, 2019, Mr. Rogers was to file any opposition to WMATA's Revised Motion by July 10, 2019. Mr. Rogers, who is represented by counsel in this action, failed to file any response to the Revised Motion by July 10, 2019, or indeed at anytime thereafter. As of the date of this Memorandum Opinion and accompanying Order, the docket reflects that no opposition has been filed.

Even if Mr. Rogers had responded, moreover, Count II would still be barred by WMATA's sovereign immunity. WMATA was created as the result of a compact signed by Maryland, Virginia, and the District of Columbia and consented to by Congress (the "Compact"), and is therefore an instrumentality of Maryland, Virginia, and the District of Columbia. *See* D.C. Code § 9–1107.01 *et seq.*; *Burkhart v. WMATA*, 112 F.3d 1207, 1216 (D.C. Cir. 1997). As such, WMATA "is protected against common law tort actions by sovereign immunity." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1138 (D.C. Cir. 2015). "District courts lack subject matter jurisdiction to enter judgment against WMATA unless its limited waiver of immunity applies." *Id.* Section 80 of the Compact waives immunity for tort claims "committed in the conduct of any proprietary

function," but not for torts committed "in the performance of a governmental function." *Id.* (quoting D.C. Code § 9-1107.01(80)).

"'Because it is difficult to distinguish between public and private sector functions with any precision,' we ask whether the claim seeks to impose liability for conduct that is discretionary, in which case the claim is barred by immunity, or ministerial, in which case the claim may proceed[.]"[4] *Id.* (quoting *Beebe v. WMATA*, 129 F.3d 1283, 1287 (D.C. Cir. 1997)). "Discretionary duties generally 'involve[] judgment, planning, or policy decisions' and are immunized as reflecting sovereign choices." *Id.* (quoting *KiSKA Const. Corp. v. WMATA*, 321 F.3d 1151, 1159 n.9 (D.C. Cir. 2003)). "Merely ministerial duties, which can 'involve[] enforcement or administration of a mandatory duty at the *operational level*, even if professional expert evaluation is required,' are treated as not exercising distinctively sovereign powers and so are not immunized." *Id.* (quoting *KiSKA*, 321 F.3d at 1159 n.9).

The D.C. Circuit applies a two-part test to determine whether conduct is discretionary or ministerial. First, a court must ask whether "'any statute, regulation, or policy specifically prescribes a course of action for an employee to follow.'" *Id.* (quoting *KiSKA*, 321 F.3d at 1159). "If the tort claim arises from a WMATA employee's failure to act as the law specifically prescribes, the conduct is not shielded by immunity." *Id.* "If the law leaves the conduct in question to the official's discretion, we then ask 'whether the exercise of discretion is grounded in social, economic, or political goals.'" *Id.* (quoting *KiSKA*, 321 F.3d at 1159). "Only actions grounded in such discretion retain 'governmental function' immunity." *Id.*

---

[4] In addition, "[i]f an activity is a 'quintessential[] governmental' function, such as 'police activit[y],' it is within the scope of WMATA's sovereign immunity." *Burkhart*, 112 F.3d at 1216 (quoting *Dant v. District of Columbia*, 829 F.2d 69, 74 (D.C. Cir. 1987)). No such functions are at issue in this case.

The D.C. Circuit has previously considered whether "decisions concerning the hiring, training and supervising of WMATA employees are discretionary in nature" and has held that they are, in fact, "immune from judicial review." *Burkhart*, 112 F.3d at 1217. As the D.C. Circuit explained in *Burkhart v. WMATA*, "WMATA has choices to make" when it comes to hiring, training, and supervising its employees. *Id.* These choices are "susceptible to policy judgment." *Id.* Indeed, "[t]he hiring decisions of a public entity require consideration of numerous factors, including budgetary constraints, public perception, economic conditions, 'individual backgrounds, office diversity, experience and employer intuition.'" *Id.* (quoting *Tonelli v. United States*, 60 F.3d 492, 496 (8th Cir. 1995)). Decisions regarding supervision also "involve a complex balancing of budgetary considerations, employee privacy rights, and the need to ensure public safety." *Id.* Likewise, "[t]he extent of training with which to provide employees requires consideration of fiscal constraints, public safety, the complexity of the task involved, the degree of harm a wayward employee might cause, and the extent to which employees have deviated from accepted norms in the past." *Id.* The D.C. Circuit accordingly found that these decisions were "surely among those involving the exercise of political, social, or economic judgment," and thus shielded by sovereign immunity under the Compact. *Id.* The D.C. Circuit later re-affirmed its holding that WMATA's decisions relating to the hiring, training, and supervision of its employees are generally immune from suit in its decision in *Beebe v. WMATA*. *See* 129 F.3d at 1288.

*Burkhart* and *Beebe* are squarely on point here, where Mr. Rogers has made a negligent hiring, training, and supervision claim. Nothing about his claim, which alleges in conclusory fashion that WMATA was negligent in hiring, training, and supervision its employees including the Metrobus driver, Compl. ¶¶ 23–26, suggests that his claim is not controlled by *Burkhart* and *Beebe*. Accordingly, Count II's negligent hiring, training, and supervision claim is barred on

sovereign immunity grounds. *See Davis v. WMATA*, No. 19-CV-660 (APM), 2019 WL 2343670, at *2–*3 (D.D.C. June 3, 2019) (dismissing negligent entrustment claim against WMATA on sovereign immunity basis); *Turner v. WMATA*, 701 F. Supp. 2d 61, 71 (D.D.C. 2010) (dismissing negligent hiring, training, and supervision claim on sovereign immunity grounds); *Hutcherson v. WMATA*, No. CIV. 08-3044-RWT, 2009 WL 2168998, at *4–*5 (D. Md. July 16, 2009) (same).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** WMATA's Revised Motion for Partial Dismissal and **DISMISSES** Count II of the Complaint. As WMATA did not move to dismiss Count I of the Complaint, Count I remains. An appropriate Order accompanies this Memorandum Opinion.

Date: November 25, 2019

    /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge